IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**ANDREW HARRIS**                                                                             **PETITIONER**
**ADC #146348**

**V.**                     **CASE NO. 5:18-CV-87-DPM-BD**

**BOWIE COUNTY, TEXAS**                                           **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr. Mr. Harris may file written objections with the Clerk of Court within 14 days after the date of this Recommendation. Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, the right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.**      **Discussion:**

Petitioner Andrew Harris is serving a sentence of one-hundred-twenty months' imprisonment in the Arkansas Department of Correction ("ADC") after pleading guilty in Jefferson County Circuit Court to rape.[1] In the petition, he claims that he was illegally transferred on July 31, 2015, from the ADC to the Bowie County, Texas Correctional

---

[1] See Arkansas Judiciary Website, Docket Search, http://caseinfor.aoc.arkansas.gov; *State v. Harris*, 35CR-08-161, Plea (Dec. 15, 2009) and Judgment & Commitment Order (Dec. 15, 2009).

Facility "BCCF." Mr. Harris asserts he is being illegally detained because he has never been charged with or convicted of a crime in Texas.[2] (Docket entry #1 at 1-2)

The Court has advised Mr. Harris that, because his current petition does not claim that either his Arkansas conviction or his sentence is invalid, it does not state a valid claim for federal habeas corpus relief. Even so, the Court did not recommend dismissing the petition, but instead, twice notified Mr. Harris that if he wished to pursue a conditions-of-confinement claim, he would have to notify the Court of that decision within 30 days by filing an amended complaint challenging his conditions of confinement and by filing either an application to proceed *in forma pauperis* ("IFP") or a $400 filing fee.[3] (#4, #7)

In response to the orders, Mr. Harris filed a calculation of initial payment and later a motion for leave to proceed *in forma pauperis*. (#5, #8) Mr. Harris has not, however, notified the Court whether he wants to proceed with a conditions-of-confinement case by filing an amended complaint.

For the reasons set forth in the Court's previous orders (#4, #7), Mr. Harris has not stated a valid claim for federal habeas corpus relief. Accordingly, the Court recommends that Mr. Harris's petition be dismissed, without prejudice. If he wishes to bring a civil

---

[2] United States Magistrate Judge Caroline Craven transferred the case from the Eastern District of Texas to this Court. (#2)

[3] Mr. Harris was warned in both orders that his failure to fully and timely comply with instructions set out in the order within could result in the Court recommending dismissal of his habeas petition.

rights action, he may do so by filing a case in the United States District Court for the Eastern District of Texas. See 28 U.S.C. §§ 1391, 1406.

### III. Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Harris has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Harris has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### IV. Conclusion:

Mr. Harris's allegations do not state a claim for federal habeas corpus relief. The Court recommends that his petition for writ of habeas corpus (#1) be DISMISSED, without prejudice, and his motion for leave to proceed *in forma pauperis* (#8) be DENIED as moot. The Court further recommends that no certificate of appealability be issued.

DATED this 12th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE